# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LARHONDA FOSTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. |
| SPECIFIED CREDIT ASSOCIATION 1, INC., | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, Larhonda Foster, by and through undersigned counsel, and for her complaint against the Defendant, Specified Credit Association 1, Inc., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Larhonda Foster ("Plaintiff") is a natural person who resides in Kansas City, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Specified Credit Association 1, Inc., ("SCA") is a business entity engaged in the collection of debt within the State of Missouri.

7. SCA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. ALLEGATIONS

8. The debt allegedly owed by Plaintiff ("the debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. In November 2018, SCA sent a letter to Plaintiff's place of employment.

10. The letter requested that Plaintiff's employer verify Plaintiff's employment, provide information about her employment, and provide information about her person address.

11. The letter constituted a communications as defined by the FDCPA, 15 U.S.C. § 1692a(2).

12. Plaintiff's employer determined that the letter from SCA was sent in relation to debt collection efforts and that SCA is a debt collector.

13. Plaintiff's employer contacted Plaintiff and inquired about the letter.

14. This communication by SCA has placed undue strain on Plaintiff's employment relationship.

15. The letter sent by SCA violated 15 U.S.C. § 1692c(b), which requires debt collectors to refrain from communicating with third parties other than the consumer in connection with the collection of any debt.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Larhonda Foster, by and through counsel, respectfully prays for judgment as follows:

    a.     All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from SCA and for Plaintiff;

    b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from SCA and for Plaintiff;

    c.     Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from SCA and for Plaintiff;

    d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Anthony Hernandez
Anthony Hernandez #69129
CREDIT LAW CENTER
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO 64064
T: (816) 282-0822
F: (855) 523-6884
anthonyh@creditlawcenter.com
**Attorney for Plaintiff**